IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYNTHIA WEISENBERGER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AMERITAS MUTUAL HOLDING COMPANY,<br><br>　　　　　Defendant. | CASE NO: 4-21-CV-3156<br><br>**PROTECTIVE ORDER** |

Upon consideration of the parties' joint motion for entry of a Protective Order (Filing No. 39), the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions**. As used in this Order:

   a. "Action" refers to the above-captioned litigation.

   b. "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

   c. "Non-Party" will mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

   d. "Party" will mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staffs).

   e. A "Producing Party" is a Party, or a Non-Party either acting on a Party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that

      produces Discovery Material in this Action.

  f. "Protected Material" will mean any Discovery Material that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," or as "CONFIDENTIAL HEALTH INFORMATION."

  g. A "Receiving Party" is a Party that receives Discovery Material from a Producing Party in this Action.

  h. A "Designating Party" is the party that designates material as "Protected Material" under this Order.

2) **Scope.** This Protective Order applies to all Protected Materials produced or obtained in this case, as well as (i) any information copied or extracted from Protected Materials; (ii) all physical and electronic copies, excerpts, derivations, summaries, or compilations of Protected Materials; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Materials.

However, the protections conferred by this Protective Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party, excluding any information that came into the public domain as a result of a violation of law or of this Protective Order, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise, excluding any information that came into the public domain as a result of a violation of law or of this Protective Order; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3) **Duration**. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of

all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4) **Confidential Discovery Material.** This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, "Confidential" material shall include:

   a. Commercial information relating to any Party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

   b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

   c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a Party and a Non-Party;

   d. Records restricted or prohibited from disclosure by statute; and

   e. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

5) **Attorneys' Eyes Only**.  Counsel for a Producing Party may further designate confidential Discovery Material as "CONFIDENTIAL – FOR ATTORNEYS'

EYES ONLY" if such counsel concludes in good faith that the material is or contains non-public information that is highly sensitive proprietary information including, but not limited to, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. Such information also includes, but is not limited to, information representing internet security protocols, network security protocols, hardware and software systems used in the design and implementation of the cyber security system, intrusion detection software, policies and procedures relating to cyber security, specifications, or schematics that define or otherwise describe in detail the structure of software or hardware, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6) **Confidential Health Information.** For the purposes of this Protective Order, Discovery Materials that contain or encompass health information protected by state or federal law, including, but not limited to, Protected Health Information as defined below shall be designated "CONFIDENTIAL HEALTH INFORMATION" and include:

   a. Information supplied in any form, or any portion thereof, that directly or indirectly identifies an individual in any manner or for which there is a reasonable basis to believe could be used to identify the individual and relates to the past, present, or future physical or mental health or condition of such individual, the provision of health care, services or supplies to such individual, or the past, present, or future payment for the provision of health care to such individual.

   b. The following information when it identifies an individual: medical bills, claim forms, claims data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, inasmuch as such summaries or compilations themselves include Confidential Health Information.

   c. Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule. 45 C.F.R. § 160.103. A HIPAA Covered Entity may disclose PHI in the course of a

      judicial proceeding if certain "satisfactory assurances" are received. This Protective Order provides the requisite satisfactory assurances that HIPAA requires. See 45 C.F.R. § 164.512(e)(1)(iv).

   d. This Protective Order constitutes a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v)(A)-(B) of HIPAA's Privacy Rule.

   e. This Protective Order recognizes that it is not practicable to identify and contact all individuals whose names or privileged information may be contained in such records and that redaction of all such information would be extremely difficult and would delay the proceedings in this Court. Therefore, this Protective Order expressly authorizes the disclosure of PHI of Non-Party individuals notwithstanding any privilege or confidentiality afforded under state law. That said, a Producing Party may, but is not required to, elect to redact from any PHI information reflecting the identities of Non-Parties, such as their names, addresses, phone numbers, social security numbers, or member identification numbers, as an additional layer of protection. A Producing Party must give reasonable notice of any proposed redactions to the Receiving Party. If the Receiving Party believes the identities are necessary, then the Parties will meet and confer, and if the issue cannot be resolved, the Receiving Party may raise the issue with the Court upon a motion. The Receiving Party will retain the burden of establishing the impropriety of the redactions.

      7) Manner of Confidential Designation. A Producing Party shall affix a designation of "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," OR "CONFIDENTIAL HEALTH INFORMATION" to any Protected Material produced in this Action.

   a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION," to each page that contains protected material.

    b. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL - FOR ATTOR'EYS' EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION," the Producing Party shall indicate via cover letter, slip sheet, or otherwise at the time of production that the material being produced is CONFIDENTIAL.

8) **Timing of Designation.**

    a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Protected Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    b. If the Producing Party responds to discovery by making Protected Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Protective Order. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" as required under this order.

9) **Qualified Recipients.** For the purposes of this Protective Order, Protected Materials may only be viewed or disclosed to an authorized person(hereinafter "Qualified Recipient").Protected Materials may also be shown to any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the relevant document.

    For information designated as "CONFIDENTIAL," a Qualified Recipient means:

    a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

    b. Legal counsel representing the parties, and members of the paralegal,

secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the confidential Protected Material in confidence per the terms of this Order, and provided that such persons may only be shown copies of confidential Protected Material and may not retain any such material;

e. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts;

f. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

g. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

h. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

i. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

j. Any auditor or regulator of a party entitled to review the confidential Protected Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

For information designated as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION," a Qualified Recipient means:

    a. Legal counsel (including in house and external counsel) representing the Receiving Parties, including all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such attorneys;

    b. Consulting or testifying experts for the Receiving Party, defined to include only those experts retained or employed to assist the Receiving party in preparing for trial or any other proceeding in the Action and who need access to the CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY information or CONFIDENTIAL HEALTH INFORMATION to provide such assistance, and who are not employed by, or an agent or representative for, the Receiving Party, nor anticipated to become an employee, agent or representative of the Receiving Party in the near future, and who have signed the Acknowledgment and Agreement to be Bound ("Exhibit A");

    c. If necessary to promote alternative dispute resolution, any mediator or arbitrator (and their assistants or staff) retained by the parties who needs access to the CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY information or CONFIDENTIAL HEALTH INFORMATION to assist the parties with resolving the claims of this Action;

    d. Professional Vendors who have signed Exhibit A;

    e. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony; and

    f. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

10) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

    a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – FORATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Exhibit A before receiving confidential

Discovery Material.

b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" is prohibited as set forth herein.

c. Maintain a list of any Protected Material disclosed and to whom such Protected Material was disclosed, along with the executed copies of the Exhibit A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" exists and is enforceable by the court even if the person receiving the information fails or refuses to sign the Exhibit A Agreement.

11) **Duty as to Designations**. Each Producing Party that designates information or items as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

12) **Limitations on Use**. All Discovery Material produced in this Action, including but not limited to Protected Material, that are not also available in the public domain, shall be used by the Receiving Party only for the purposes of the above-captioned Action, and not for any business, competitive, personal, private, public, or other purpose whatsoever, unless permitted by Court order. Consistent with 45 C.F.R. § 164.512(e)(1)(v), and as to any Protected Health Information requested, counsel and the Receiving Party:

a. Shall not use or disclose the information for any purpose other than litigating this Action;

9

    b. Shall return or destroy the protected health information (including all copies made) at the end of this Action; and

    c. Shall request, use and disclose only the minimum amount necessary to conduct this Action.

13) **Maintaining Confidentiality.** Protected Material shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this Action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any Party or Non-Party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the Party claiming confidentiality consents in writing to such disclosure.

14) **Copies.** Protected Material shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" under the terms of this Protective Order.

15) **Docket Filings.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Protected Material shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Protected Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

16) **Depositions.** The following procedures shall be followed at all depositions to

protect the integrity of all Protected Material

    a. Only Qualified Recipients may be present at a deposition in which Protected Material is disclosed or discussed. The Disclosing Party will have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, legal counsel, the court reporter, and other Qualified Recipients as defined in this Order.

    b. Designations of Protected Material may be made on the record or designated by a Party within thirty (30) days after receipt of the final deposition transcript.

    c. All deposition testimony which discloses or discusses information designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" is likewise deemed designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION."

    d. Information designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" may be used at a Non-Party deposition only if necessary to the testimony of the witness.

17) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party in writing and confer in good faith to resolve the dispute. The Parties shall attempt to resolve such challenge and must begin the process by conferring directly (in voice-to-voice dialogue) within 7 days of the date of service of notice. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designated as "CONFIDENTIAL,"

"CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

18) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Protected Material may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the court for an order that Protected Material be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

19) **Return or Destruction of Documents.** Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Protected Material. The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this Action, and it shall be binding on the parties and their legal counsel in the future.

Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Protected Material and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Protected Material need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

20) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax

or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

21) **Additional Parties to Litigation.** In the event additional parties are joined in this Action, they shall not have access to Protected Material until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

22) **Sanctions**.

   a. Any Party subject to the obligations of this order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

   b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL, CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL HEALTH INFORMATION, the Producing Party shall promptly notify all other Parties of the improper designation

23) **Inadvertent Disclosure of Protected Material**.

   a. A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL HEALTH INFORMATION" shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party.

   b. Any Receiving Party notified that Protected Material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY,"

and/or "CONFIDENTIAL HEALTH INFORMATION" designation.

c. If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing what was disclosed and to whom, (b) use its best efforts to retrieve all Protected Materials improperly disseminated, including all copies, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

24) **Disclosure of Privileged or Work Product Discovery Material**.

a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

b. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned, deleted, or destroyed. The Receiving Party shall promptly return such produced documents or certify their deletion or destruction, including all copies, within 14 days of receiving such a written request. The Receiving Party's return, deletion, or destruction of information pursuant to this Section does not waive its right to challenge any claim of privilege, confidentiality, or other protection.

25) **Protected Material Sought in Other Proceedings.**

    a.    *In General.*  If a Party is served with a document request, subpoena, court order, or any other request for information (including, but not limited to, requests in litigation, administrative proceedings, arbitration, or government inquiries) that seeks disclosure of any Protected Materials, that Party must:

        i.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the request;

        ii.    Promptly notify in writing the person who caused the request to issue that some or all of the material covered by the request is subject to this Order.  Such notification shall include a copy of this Order; and

        iii.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    b.    *Protection.*  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and "CONFIDENTIAL HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued regarding the Designating Party's motion, unless the Party has obtained the Designating Party's permission or such production is required by law.  The Designating Party shall bear its own expenses of seeking protection in that court of its Confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

26) **Miscellaneous.**

    a.  Nothing within this Protective Order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

    b.  Nothing in this Protective Order will bar counsel from rendering advice to

    their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information must not be disclosed.

c. This Protective Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information.

d. Nothing within this Protective Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

e. All Parties and Non-Parties will treat all Protected Material and all copies of Protected Material as subject to this Order unless and until the Court orders otherwise or the Parties mutually stipulate otherwise.

f. The restrictions and obligations set forth within this Protective Order will not apply to any information that: (a) the Parties agree should not be designated as Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party. Prior knowledge must be established by pre-production documentation.

g. The restrictions and obligations within this Protective Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information. Nothing in this Protective Order shall impose any restriction on the use or disclosure by a Party of its own documents or information.

h. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Protective Order.

DATED this 1st day of August, 2022.

                                                          BY THE COURT:

                                                          s/ Susan M. Bazis
                                                          United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYNTHIA WEISENBERGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERITAS MUTUAL HOLDING COMPANY,<br><br>Defendant. | CASE NO: 4-21-CV-3156<br><br>**EXHIBIT A** |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I hereby acknowledge that I am about to receive Protected Material supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Protected Material as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Click or tap to enter a date..

_____           _____
Printed Name                                                      Signature