IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYNTHIA WEISENBERGER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERITAS MUTUAL HOLDING COMPANY,<br><br>Defendant. | 4:21-CV-3156<br><br>MEMORANDUM AND ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE |

This matter is before the Court on the plaintiff's unopposed motion (filing 59) for an order certifying a settlement class, preliminarily approving a class settlement on the terms and conditions set forth in the parties' settlement agreement (filing 60-1), and approving forms and a program for class notice. The motion will be granted.

Fed. R. Civ. P. 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Those requirements are met in this case.

The numerosity requirement is met because the plaintiff represents nearly 100,000 Ameritas policyholders who were affected by the security

breach.[1] *See* filing 60-1 at 2. Commonality is satisfied because the legal and factual issues surrounding the defendant's course of conduct arise out of the same data security breach and the August 2019 notice of such breach. *See* filing 60-1 at 2. Typicality is present for the same reason: typicality means that there are other members of the class who have the same or similar grievances as the plaintiff. *Paxton v. Union Nat. Bank,* 688 F.2d 552, 562 (8th Cir. 1982). And adequacy of representation is present because there's no conflict of interest between the named party and the class she seeks to represent—she possesses the same interest and injury as the class members. *See Amchem*, 521 U.S. at 625-26.

If the requirements of Rule 23(a) have been met, a class action may be maintained in the circumstances defined by Rule 23(b)(1), (2), or (3). Here, certification under Rule 23(b)(3) is appropriate, because "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id*. Predominance exists when common questions concerning a significant aspect of a case can be resolved in a single action. *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 569 (D. Minn. 2003).

Here, the alleged negligence, breach of contract, and violation of the Nebraska Consumer Protection Act predominate individualized questions of damages or the cause thereof. *See id.*; *in re Workers' Compensation*, 130 F.R.D. 99, 108 (D. Minn. 1990); filing 26 at 8-24. The legal issues surrounding

[1] The parties are advised that the settlement agreement and the parties' proposed order exclude different categories of people from the settlement class. *Compare* filing 60-1 at 9-10 (settlement agreement), *with* filing 60-1 at 66 (proposed order). This preliminary approval of the settlement has followed the terms of the settlement agreement.

Ameritas' alleged breach of tort, contractual, and statutory duties indicate that a class action will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (cleaned up); Rule 23(b)(3).

By virtue of the fact that an action maintained as a class suit under Rule 23 has res judicata effect on all members of the class, due process requires that notice of a proposed settlement be given to the class. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975). The notice given must be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.*; Rule 23(c)(2)(B). In addition, the notice must reasonably convey the required information and it must afford a reasonable time for those interested to make their appearance. *Grunin*, 513 F.2d at 120. The contents must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings, in "plain, easily understood language." *Id.* at 122; Rule 23(c)(2)(B).

The notices proposed for this case meet most of those requirements; they inform the class members of the action and their options, accurately characterize all the pertinent terms of the settlement agreement (including attorney fees and expenses), and afford the class members a reasonable opportunity to object. However, the notices use vague and inconsistent language to describe the event which gave rise to the class action. *See* filing 60-1 at 46; filing 60-1 at 59. To ensure that settlement class members understand the lawsuit, and to prevent unnecessary confusion, the language on the notices

should be identical and more specific. So, the Court will generally approve the form of notice, but will require the following amendments.

The Court requires the following amendment to Question 5 on page 5 of the proposed long-form notice (*see* filing 60-1 at 50):

> You are a Settlement Class Member if you received notice of the Security Incident around August 2019, informing you that a data breach potentially allowed unauthorized access to your personal information stored by Ameritas, including your name, address, and Social Security number.

Additionally, the "Who is Included" paragraph of the short-form notice, filing 60-1 at 58-60, should be amended to read:

> Records indicate you are included in this Settlement as a Class Member. You are a Settlement Class Member if you received notice of the Security Incident around August 2019, informing you that a data breach potentially allowed unauthorized access to your personal information stored by Ameritas, including your name, address, and Social Security number.

Other than these shortcomings,[2] the proposed notices comport with Rule 23(c)(2)(B). The notices will be sent directly to Ameritas policyholders who received the August 2019 letter, and notice by publication will also be provided by a website where interested parties can obtain more information. *See* filing

---

[2] Page 10 of the long-form notice (filing 60-1 at 55) also has the wrong address for the Court; the correct street address is 100 Centennial Mall North.

60-1 at 19. The notices, with the Court's changes, satisfy the requirements of Rule 23 and due process. *See* Rule 23(e)(1)(B) and (c)(2)(B).

The Court, having reviewed the proposed settlement, filing 60-1 at 2-37, finds it likely that the proposal can be approved under Rule 23(e)(2).[3] The Court has reviewed the procedural posture of this case and finds that the settlement agreement was entered into after extensive, arms-length negotiation. Accordingly,

IT IS ORDERED:

1. The plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (filing 59) is granted.

2. The agreements, terms, and conditions of the settlement agreement (filing 60-1 at 2-37) are preliminarily approved pending a fairness hearing.

3. For settlement purposes only, this action may be maintained as a class action under Fed. R. Civ. P. 23. The Court certifies the

---

[3] If more than 10 of the 95,644 class members file a claim for the maximum amount allowed—$6,250 for reimbursement of expenses, *see* filing 60-1 at 13—the $850,000 aggregate cap (which includes no more than $255,000 in attorney's fees, *see* filing 60-1 at 27) will be exceeded, leading to a pro rata reduction of valid claims by class members. *See* filing 60-1 at 12. And if only half of the settlement class members file a claim, each will receive, on average, $12. While it's not unprecedented for class actions to receive a low claim submission rate, neither is it ideal. *See Pollard v. Remington Arms Co., LLC*, 896 F.3d 900, 906 (8th Cir. 2018). The proposed attorneys' fees and the effect of any pro rata reduction can be more thoroughly addressed at the fairness hearing, after settlement class members have filed their claims and objections.

settlement class as all individuals residing in the United States to whom Ameritas sent an August 2019 notice regarding a May or June 2019 data breach. Excluded from the class are:

a. Ameritas and any related entities, and their officers and directors;

b. All settlement class members who timely and validly request exclusion;

c. Any members of the judiciary who are or have presided over the instant action, and their families and staffs; and

d. Any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal data breach giving rise to the class action, or any person who pleads *nolo contendere* to any such charge.

4. Cynthia Weisenberger is designated as the settlement class representative.

5. Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP are appointed as settlement class counsel.

6. Rust Consulting is appointed as settlement administrator.

7. If the settlement fails to become effective or is terminated, the parties are directed pursuant to the settlement agreement to negotiate in good faith to attempt to revise the agreement as needed to obtain Court approval. Failing a mutually agreed upon revision, this Order shall become null and void and shall be without prejudice to the rights

of the parties, all of whom shall be restored to their respective positions. In such an event, settlement class members, the settlement class representative, and settlement class counsel shall not in any way be liable for any expenses, including costs of notice and administration associated with the settlement or the settlement agreement, except that each party shall bear its own attorneys' fees and costs.

8. Having reviewed the proposed notices of class action settlement, filing 60-1 at 46-60, the Court approves the notices, subject to the following changes:

   a. Page 5 of the long-form notice (filing 60-1 at 50) shall be amended to read: You are a Settlement Class Member if you received notice of the Security Incident around August 2019, informing you that a data breach potentially allowed unauthorized access to your personal information stored by Ameritas, including your name, address, and Social Security number.

   b. The short-form notice (filing 60-1 at 59) shall be amended to read: Records indicate you are included in this Settlement as a Class Member. You are a Settlement Class Member if you received notice of the Security Incident around August 2019, informing you that a data breach potentially allowed unauthorized access to your personal information stored by Ameritas, including your name, address, and Social Security number.

9. Ameritas shall provide the settlement administrator with addresses for the settlement class members on or May 3, 2024, and the settlement administrator shall enact the notice plan set forth in the settlement agreement, filing 60-1 at 19-20, no later than May 23, 2024.

10. Members of the settlement class who wish to exclude themselves from the class must submit a written request for exclusion postmarked on or before July 17, 2024. The request for exclusion must be made to the settlement administrator in accordance with the instructions set forth in the notice, filing 60-1 at 8-9. Any request for exclusion must:

    a. Identify the class action by name,

    b. Include the full name and address of the class member seeking exclusion,

    c. Bear the individual signature of the class member seeking exclusion,

    d. Clearly state that the person desires to be excluded from the settlement class, and

    e. Request exclusion only for the individual whose signature appears on the request.

11. Class members who do not submit timely and valid requests for exclusion shall be bound by all subsequent proceedings, orders, and the judgment in this litigation should the proposed settlement receive final approval.

12. Any class member who does not request exclusion may submit a written objection, postmarked on or before July 17, 2024, to the Court and the settlement administrator. The objection shall state in specific detail the reasons for the objection and the aspects of the proposed settlement being challenged, as well as whether the objection applies only to the objector or to the entire class. Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

13. Any objection shall substantially comply with the requirements set forth in the long-form notice, filing 60-1 at 54-55. Unless otherwise determined by the Court, any class member who does not submit a statement of objection that substantially complies with the manner specified in the notice will have waived any such objection.

14. Settlement class members may enter an appearance in this case at their own expense, individually or through counsel of their choice. If a class member does not enter an appearance, they will be represented by class counsel.

15. The fairness hearing shall be held on August 6, 2024 at 10:00 a.m. before the undersigned in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. The time and date of the fairness hearing will be included in each notice of settlement. the purpose of the fairness hearing will be to:

    a. Determine whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved;

b. Determine whether an order and judgment should be entered dismissing the claims of the class members and brining the litigation of those claims to a conclusion;

c. Consider other settlement-related matters, including appropriate attorney's fees.

The Court may adjourn, continue, or reconvene the fairness hearing by oral announcement without further notice to the class members, and the Court may consider and grant final approval of the proposed settlement, with or without minor modification, and without further notice to class members.

The parties and any objectors may appear at the fairness hearing in person or, upon request, by telephone or videoconference.

16. A settlement class member who requests exclusion or objects can withdraw their request for exclusion or objection prior to the fairness hearing by submitting a signed written request or email containing an electronic signature to the settlement administrator stating their desire to withdraw their request for exclusion or objection.

17. On or before May 3, 2024, Ameritas shall serve all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(d), and shall promptly file a declaration with the Court certifying that such notices were served.

18. During the Court's consideration of the proposed settlement and pending further order of the Court, all proceedings in this action, other than proceedings necessary to carry out the terms and provisions of the

proposed settlement, or as otherwise directed by the Court, are stayed and suspended.

19. Until the Court holds the fairness hearing and determines the matters set forth in this order, and through the effective date of the settlement agreement, all settlement class members except those who have requested exclusion shall be barred from asserting any claims for which a release will be given if the Court approves the proposed settlement.

20. On or before July 22, 2024, settlement class counsel shall file a motion for final approval of the settlement agreement, along with an affidavit from a representative of the settlement administrator confirming that notice has been accomplished in accordance with the provisions above.

21. Settlement class counsel shall file their application for an award of costs, litigation expenses, and reasonable attorney's fees on or before July 26, 2024, for consideration at the fairness hearing. Any reply in further support of the settlement agreement, attorneys' fees and expenses, or in response to any written objection, shall be filed on or before August 2, 2024.

Dated this 23rd day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge